UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ST. PAUL PAINTING INDUSTRY HEALTH & WELFARE FUND, ST. PAUL PAINTING INDUSTRY PENSION FUND, ST. PAUL PAINTING INDUSTRY VACATION FUND,

Plaintiffs,

and

MINNEAPOLIS PAINTING INDUSTRY HEALTH & WELFARE FUND, MINNEAPOLIS LOCAL 386 DRYWALL FINISHING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY PENSION FUND, MINNEAPOLIS PAINTING INDUSTRY VACATION AND HOLIDAY FUND, MINNESOTA PUBLIC RELATIONS AND APPRENTICESHIP TRAINING FUND,

Plaintiffs,

vs.

DECOR-TEC, INC.,

Defendant.

Civil File No. 01-CV-1363 DDA/FLN

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND <u>ORDER FOR DEFAULT JUDGMENT</u>**

This matter was heard before the undersigned on the 9th day of October, 2001. Scott B. Crossman of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

FILED OCT 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD OCT 0 9 2001
DEPUTY CLERK

## FINDINGS OF FACT

1. Plaintiffs filed a Summons and Complaint in this matter on July 26, 2001. Defendant was personally served with the Summons and Complaint in this matter on August 6, 2001.

2. Defendant has failed to file and serve a response or Answer to the Summons and Complaint.

3. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing laborers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 2850 Metro Drive, Suite 404, Bloomington, Minnesota 55425, as the administrative agent designated by the Trustees.

4. Defendant, as a member of the Minnesota Painting and Wallcovering Employers Association, accepted and agreed to be bound by a collective bargaining agreements with the Painters and Allied Trades Union Local Nos. 61 an 386. The agreements obligate Defendant, as an employer, to compute the fringe benefit contribution for each employee, submit that information on a report form, and pay those contributions to the Funds' Agent on or before the 15th day of the month (or the 20th such day under the Local 386 agreement) following the month for which the contribution is being made.

5. Defendants failed to timely submit report forms or pay contributions for the months of June and July 2001.

6. After Plaintiffs served the Summons and Complaint on Defendants, Defendants submitted fringe benefit forms and payments for most the amounts due as reported for the months of June and July 2001. The amounts contributed to the Funds for this period was $67,855.71. Some reports and contributions for July 2001 remain outstanding. The reports and contributions are due for those employees working under the Local 386 bargaining agreement.

7. The bargaining agreement provides that Defendant pay liquidated damages of 10% of delinquent contributions.

8. The bargaining agreement further provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

9. Plaintiffs' reasonable attorney's fees and costs of this action are $797.50.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant owes $6,785.57 for liquidated damages.

3. Defendant owes Plaintiffs $797.50 in attorney's fees and costs for the costs associated with this action.

4. Defendant is obligated to report and pay contributions to Plaintiffs for work performed under the Local 386 bargaining agreement.

# ORDER

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Plaintiffs are collectively entitled to Judgment against Defendants in the amount of $7583.07.

3. Defendant is ordered to submit reports and payment to the Funds, including 10% liquidated damages, for work performed under the Local 386 bargaining agreement in the month of July 2001.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: October 9, 2001

BY THE COURT

Donald D. Alsop
United States District Court Judge

70414